**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES LUTHER WILEY** | : | **Civil No. 1:12-CV-328** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **WHITAKER CENTER FOR SCIENCE** | : | |
| **AND ARTS,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a *pro se* employment discrimination action brought by the Plaintiff, James Wiley, against his former employer, the Whitaker Center for Science and the Arts.   Wiley's *pro se* complaint, which was filed on February 21, 2012, is an exceedingly spare document.  (Doc. 1)  Indeed, the complaint itself contains no factual recitals at all, but rather simply directs the parties to a right to sue letter that Wiley received from the EEOC.  Thus, the complaint, in its current form, alleges no well-pleaded facts, and contains no citation to the laws allegedly violated by the Defendant.

1

The Defendant, Whitaker Center, as now moved to dismiss this complaint arguing that "the Complaint does not contain any substantive factual or legal allegations as required by the Federal Rules of Civil Procedure." (Doc. 6) This motion has been fully briefed by the parties, (Docs. 7 and 10), and is, therefore, ripe for resolution.

For the reasons set forth below, it is recommended that Wiley's complaint be dismissed without prejudice to the Plaintiff filing an amended complaint which complies with the pleading requirements prescribed by federal law, as more fully described in this report and recommendation.

## II.   Discussion

### A.   Wiley's Complaint Does Not Comply With Federal Pleading Requirements and Should Be Dismissed Without Prejudice to the Filing of a Complaint Which Sets Forth the Legal And Factual Grounds for Wiley's Claims

The Defendant has moved to dismiss Wiley's initial *pro se* complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit

has aptly noted the evolving standards governing pleading practice in federal court,

stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips v. County of Allegheny,</u> 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In  practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' <u>Iqbal</u>, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' <u>Id.</u> at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>" <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this regard it is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).   Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];"

Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F. App'x 109 (3d Cir. 2011). Similarly, dismissal of a complaint is appropriate under Rule 8 when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Northland Group Inc., 456 F. App'x 78, 79 (3d Cir. 2012). In the first instance Rule 8 dismissals should be entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. However, in cases where a litigant persistently fails to abide by the court's instructions, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra.

Here, as presently drafted Wiley's complaint violates these basic rules of pleading which require that "a District Court . . . determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11. Furthermore, in its current form the complaint fails to

comply with Rule 8's basic injunction that:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  In fact, presently Wiley's complaint–which makes no factual averments whatsoever but simply refers to correspondence from the EEOC–does not even recite "labels and conclusions, and a formulaic recitation of the elements of a cause of actions [a form of pleading which typically] will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555(2007).

In sum, a complaint must recite facts, in a short and plain statement, which if proven would establish liability.  A plaintiff cannot avoid this responsibility by simply telling the opposing party to try to discern what the facts are from other correspondence and documents, as Wiley endeavors to do here.  Therefore, this complaint–which makes no factual recitals–is subject to dismissal.

While this analysis calls for dismissal of this action in its current form, we recommend that Wiley be given another opportunity to further litigate this matter by endeavoring to promptly file an amended complaint.  We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d

229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the Plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the Plaintiff to comply with the rules governing civil actions in federal court.

In drafting this amended complaint, the Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint should set forth Plaintiff's factual allegations and legal claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendant's Motion to Dismiss (Doc. 6) be GRANTED, but that the Plaintiff's complaint be dismissed without prejudice to the Plaintiff endeavoring to correct the

defects cited in this report, provided that the Plaintiff acts within 20 days of any

dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen
(14) days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all parties,
written objections which shall specifically identify the portions of the
proposed findings, recommendations or report to which objection is
made and the basis for such objections. The briefing requirements set
forth in Local Rule 72.2 shall apply. A judge shall make a de novo
determination of those portions of the report or specified proposed
findings or recommendations to which objection is made and may
accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis of
that record. The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Submitted this 11th day of May 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge