IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES LUTHER WILEY** | : | Civil No. 1:12-CV-328 |
| **Plaintiff** | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WHITAKER CENTER FOR SCIENCE AND ARTS** | : | |
| **Defendant.** | : | |

## **MEMORANDUM ORDER**

This is a *pro se* employment discrimination action brought by the plaintiff, James Wiley, against his former employer, the Whitaker Center for Science and the Arts. (Doc. 1.) The plaintiff has now filed a letter, which we construe as a notice of voluntary dismissal of this action, stating that Mr. Wiley requests that we remove the case from the court docket. (Doc. 36.)

Construed in this fashion, we will GRANT this request. Motions for voluntary dismissal are governed by Rule 41 of the Federal Rules of Civil Procedure, which provides that:

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

**(ii)** a stipulation of dismissal signed by all parties who have appeared.

**(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

**(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P., Rule 41(a).

Here, we find good cause exists to dismiss this action, as described by the plaintiff, (Doc.36.), and we note that there is no counter-claim by defendants to consider. Accordingly, IT IS ORDERED that, on the plaintiff's motion, this complaint is DISMISSED.

So ordered, this 22d day of April 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge